JASON KULLER
Nevada Bar No. 12244
jason@rafiilaw.com
Shay Digenan
Nevada Bar No. 16397
shay@rafiilaw.com
**RAFII & ASSOCIATES, P.C.**
1120 N. Town Center Dr., Ste. 130
Las Vegas, Nevada 89144
Telephone: 725.245.6056
Facsimile: 725.220.1802

*Attorneys for Plaintiff*



# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| KEMCHIEA WILLIAMS,<br><br>    Plaintiff,<br>v.<br><br>LEVI STRAUSS & CO.; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No.: 2:23-cv-01850-CDS-EJY<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION FOR REMAND** |

Plaintiff Kemchiea Williams ("Plaintiff"), by and through her attorneys Raffi & Associates, P.C., submits the following Reply to Defendant's Opposition to Plaintiff's Motion for Remand ("Opposition").

## I.

## INTRODUCTION

In opposing Plaintiff's Motion for Remand ("Motion"), Defendant continues to speculate wildly on the amount in controversy while spinning entirely new and novel arguments that nowhere appeared in its Notice of Removal (ECF No. 1). Based on the face of Plaintiff's Complaint, actual evidence, and a grounded analysis, Defendant's procedural and aspirational hoop-jumping in the

clouds crashes in failure. On the matter of federal question jurisdiction, Defendant invokes the wrong preemption standard altogether. Applying the correct standard, as demonstrated below, spells doom for Defendant's argument. Unfortunately for Defendant, law is not mathematics, so the combination of two negative arguments do not equal a positive outcome. Accordingly, Plaintiff's Motion for Remand should be granted.

## II.

## ARGUMENT

### A. This Court's Diversity Jurisdiction Fails for Amount in Controversy.

In defiance of its burden of proof, Defendant argues that the Court must – without the ancillary evidence required from Defendant – take extraordinary leaps of logic to find an amount in controversy sufficient to preserve diversity jurisdiction. Defendant demands that this Court (a) aggregate causes of action with an arbitrarily assigned value; (b) speculate as to uncertain awards of punitive damages and attorneys' fees; and (c) infer amounts from multifaceted alternate arbitration rules – all in order to find what Defendant wants to be the amount in controversy.

In the ivory towers or clouds, some of these categories may be theoretically possible routes for accumulating amount in controversy. Defendant, however, has a greater burden than theoretical application: Defendant must show applicable facts.

### 1. Defendant's Aggregation Argument Fails on Multiple Levels.

Defendant's reliance on the the *Schmale* case is completely misplaced. *See Schmale v. State Farm Fire & Cas. Co.*, 2:23-cv-01114-GMN-NJK (D. Nev. Oct. 30, 2023). In the first place, *Schmale* granted the plaintiff's motion to remand, finding that the defendant's argument lacked factual and evidentiary support. *Id.* at *9. In Schmale, the plaintiff alleged "general damages in excess of $15,000 for each cause of action" as well as "unspecified sums for punitive damages, attorney's fees, and costs." *Id.* at *1. The *Schmale* court found that, ***at maximum***, the plaintiff had stated an insufficient amount in controversy of $45,000. *Id*. Contrary to Defendant's analysis, *Schmale* does not stand for the proposition that amount in controversy can be calculated simply by multiplying each claim in any complaint by $15,000. Fifteen thousand dollars ($15,000) was the number used in *Schmale* because **that is what the plaintiff had alleged in *Schmale*.** *See id*.

Plaintiff's Complaint here does not allege that the minimum jurisdictional amount is applicable *to each cause of action*, but instead alleges $15,000 across eight causes of action. (*See* Complaint at ¶ 4.) Further, a plain reading of the Complaint shows alternate theories of recovery from the same nucleus of facts overlap. Both intentional and negligent infliction of emotional address are alleged. Both tortious constructive discharge and retaliation are alleged. Defendant has not provided any proof that each cause of action was intended to be siloed and separately recoverable at $15,000 each. Therefore, the proper application of *Schmale* is that this Court, in this case, cannot aggregate the eight causes of action.

Furthermore, in another case Defendant cites to greenlight claim aggregation, the court actually declined to aggregate. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, (10th Cir. 1995), *cert. denied* 516 U. S. 863 (1995)("We remand to the district court with instructions to vacate its judgment and remand the action to state district court.")

### 2. Defendant's Novel Allegations of Punitive Damages Are Not Sufficient Evidence To Meet Its Burden.

*Schmale's* standard for including punitive damages in the amount in controversy is that "it is not enough to tell the Court that [a plaintiff] seek[s] punitive damages, [the defendant] must come forward with evidence showing the likely award if [the plaintiff] were to succeed in obtaining punitive damages." *Id.* at *4 (citations omitted). Here Defendant has provided two avenues of "evidence". One is close to the type of evidence permitted by *Schmale* – a jury verdict in *Dillard Dept. Stores, Inc. v. Beckwith*, 115 Nev. 372 (1999). The other is a novel "appropriate ratio" due process argument, outside the purview of *Schmale* consideration. Neither are helpful to the Court.

As to the first avenue: *Beckwith* is a Nevada state court case – it stayed in the Nevada Court system, so presumably it was not removed, or it was remanded. It therefore cannot be considered an analogous case. An analogous case would have to be in the District of Nevada, since this is where Defendant wants to stay. Citing *Beckwith* simply confirms the validity of remand.

As to the second avenue: Defendant's 'due process' ratio, if it is not specious, fails on its face. It may be a good-faith argument for the extension of existing law, but it seems an awfully easy out to say that any time a plaintiff files in state court and includes punitive damages, a federal court can

3
**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND**

multiply the damages into jurisdiction. Defendant's argument would rigidly permit removal by multiplying damages by rote by a factor of 3 to 9. Defendant lists the ratios of damages in race discrimination cases and invites the court to speculate that such a ratio would exist in the instant case. This is not evidence. Even if this court was inclined to newly adopt this ratio test, Plaintiff suggests that Defendant should have supplied ratios that mirrored the type of discrimination Ms. Williams experienced - pregnancy. This is not presented.

### 3. Attorney's Fees Are Not Available Toward The Amount In Controversy When Defendant Does Not Show Them.

In *Schmale*, the court set the standard for including attorney's fees in the amount in controversy:

> [T]he removing party must (1) identify an applicable statute which could authorize an award of attorney['s] fees and (2) provide an estimate as to the time the case will require and opposing counsel's hourly billing rate." Hannon v. State Farm Mut. Auto. Ins. Co., No. 2-14-cv-1623, 2014 WL 7146659, at *2 (D. Nev. Dec. 12, 2014). The defendant "must do more than merely point to [p]laintiff's request for attorney's fees; upon removal it must demonstrate the probable amount of attorney's fees in this case." Wilson v. Union Sec. Life Ins. Co., 250 F. Supp. 2d 1260, 1264 (D. Idaho 2003).

Here Defendant does not provide the applicable statute and does not provide opposing counsel's billing rate or a showing of probable hours. Therefore it fails to demonstrate the probable amount of attorney's fees. Under *Schmale*, this court must exclude attorney's fees in calculating amount in controversy.

### 4. The Arbitration Statute Does Not Confer Amount in Controversy Presumptions.

Defendant asks this Court to decide that when Plaintiff alleged in state court that she was *"exempt from arbitration pursuant to Nevada Arbitration Rule 3 and 5"* (Opp. at 4) what she really meant to say was that her case was worth $50,000. However a plain reading of Rules 3 and 5 show there are multiple grounds for exemption that have nothing to do with amount in controversy. Even if this court would like to accept Defendant's invitation to impute this logical stretch, the Court would have to follow up by rounding up $25,000. No case law permits that. The Defendant has not provided evidence of an amount in controversy in excess of $75,000.

In sum, Defendant has failed to provide evidence stronger than inference that an amount in controversy exists in excess of $75,000. This is the same result as the case on which Defendant relies, i.e., *Schmale*:

> In sum, while Defendant's argument that the amount in controversy requirement is satisfied is legally plausible, it lacks factual and evidentiary support. … And Defendant bears the burden here. … Given that the amount in controversy does not exceed $75,000, the Court will remand this case. See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.")

*Id.* at *7 (*citations omitted*). Diversity jurisdiction thus fails.

### B. This Court Also Lacks Federal Question Jurisdiction.

#### 1. Defendant Has Waived Arguing Complete Preeemption.

Defendant asserts a second ground for removal, this Court's federal question jurisdiction. Specifically, Defendant states:

> To the extent the Court finds that Plaintiff's causes of action are subject to Section 301 preemption, this Court has federal question jurisdiction pursuant to 28 U.S.C. §1331. To the extent this Court finds that some, but not all, of Plaintiff's claims are subject to preemption by Section 301, this Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

Opp. at 6. Defendant states the wrong standard. Federal jurisdiction may be conferred by the doctrine of *complete preemption* and Defendant states above the standard for ordinary preemption. Under the doctrine of ordinary, or 'defensive' preemption, defendants may assert a defense to individual state law claims. See *Sullivan v. American Airlines* 424 F. 3d 267, 272-273 ("The complete-preemption doctrine must be distinguished from ordinary preemption, also known as defensive preemption.") In order for Defendant to get subject matter jurisdiction, however, there must be a showing, not of ordinary preemption but of complete preemption of Plaintiffs' claims – an all or nothing showing. Defendant has misstated the law by saying that the court can use ordinary preemption to knock out some claims and use supplemental jurisdiction over the remaining claims. Defendant refers the Court to the arguments it made concerning ordinary preemption in its Motion to Dismiss - but that is the wrong standard. Defendant has waived the opportunity to make the showing of complete preemption necessary to oppose Plaintiff's Motion to Remand.

The court in *Sullivan* noted the importance of an independent judicial inquiry into complete

5
**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND**

– as opposed to ordinary – preemption:

> We have an independent obligation to ensure that federal subject-matter jurisdiction exists, which requires us to consider whether the RLA actually supports complete preemption—the only possible basis for subject-matter jurisdiction in this case.

*Id.* at 275 (emphasis supplied*).* The Ninth Circuit agrees with the Second Circuit. *See generally Stewart v Bancorp*, 297 F. 3d 593 (9th Cir. 2002)("complete preemption" is only appropriate when Federal law "so completely preempts a particular area that any civil complaint raising this select group of claims is necessarily federal in character") Complete preemption requires that the power of the CBA encompasses and displaces all of Plaintiff's claims. *Sullivan* at 275*.*

Plaintiff respectfully suggests that there are two reasons why Defendant does not allege complete preemption and that this Court's independent obligation to search for it will be fruitless. First, Defendant's introduction of the CBAs is tangential on its face. The CBAs apply to "temporary disability resulting from a medically certified, work-related physical illness or injury." [cite] Pregnancy is not a work-related physical illness or injury. While at some point there may be a duty of care in the tort causes of action under which a court could look at the rules for context, that possibility is not powerful enough to encompass and displace all Plaintiff's claims. The CBA may touch Ms. Williams' claims, but touching is not the same as the high standard for *complete preemption* of *all* her claims.

Second, the Supreme Court has limited federal ordinary pre-emption only to when a claim is made in contract and that claim is "substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract" *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 219. Here, Defendant proffers the labor contract to illuminate one element of four of pregnancy discrimination. (*See* Def.'s MTD Reply at 4.) That does not show substantial dependence. In fact, this is not a showing of ordinary preemption, much less a showing of general preemption. *See Sullivan* at 373. ("The Supreme Court has left no doubt, however, that a plaintiff's suit does not arise under federal law simply because the defendant may raise the defense of ordinary preemption.")

In short, Defendant has argued the wrong standard and without a clear demonstration of complete preemption, subject matter jurisdiction fails.

/ / /

## III.

## CONCLUSION

For all the foregoing reasons, the Court should grant Plaintiff's Motion and remand this action back to state court, and award Plaintiff her attorneys' fees and costs.

DATED: February 6, 2024                **RAFII & ASSOCIATES, P.C.**

*/s/ Jason Kuller*
JASON KULLER
Of Counsel
*Attorneys for Plaintiff*



**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND**

**CERTIFICATE OF SERVICE**

I hereby certify that, on the date shown file stamped on this pleading, I served a copy of the foregoing pleading via electronic service in accordance with the Court's order and Local Rules and that it was served on all parties registered with the Court's CM/ECF system of electronic service.

                                                /s/ Jason J. Kuller
                                                Jason Kuller