UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Kemchiea Williams,<br><br>                    Plaintiff<br><br> v.<br><br> Levi Strauss & Co.,<br><br>                    Defendant | Case No.: 2:23-cv-01850-CDS-EJY<br><br>**Order Granting Plaintiff's Motion for Extension of Time**<br><br>[ECF No. 12] |

Plaintiff Kemchiea Williams moves pursuant to Federal Rule of Civil Procedure (FRCP) 6(b)(1)(B) for an extension of time to respond to defendant Levi Strauss & Co.'s motion to dismiss. ECF No. 12. Her response was due on January 11, 2024. Williams untimely filed her response "four days, nine hours, and seven minutes" after the deadline, around 9 a.m. on January 16, 2024. ECF No. 11. Later that night, she filed her accompanying FRCP 6(b)(1)(B) motion for an extension. ECF No. 12. Levi opposes the motion. ECF No. 26. For the following reasons, I reluctantly grant the motion for an extension.

I.  **Legal standard**

FRCP 6(b)(1)(B) states that a court "may, for good cause, extend the time . . . on a motion made after the time has expired if the party failed to act because of excusable neglect." Excusable neglect is an "elastic concept" that is determined by considering, inter alia: "the danger of prejudice to the [party not under scrutiny], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

## II. Background

In support of her request for an extension, Williams submits the declaration of undersigned counsel, Jason Kuller, to articulate the basis for excusable neglect here. ECF No. 12-1. In it, Kuller represents that he was on vacation from December 23, 2023 to January 1, 2024, and thus "unavailable for work" during this time, which cut down "the usual fourteen (14) days" to respond to the motion to dismiss to "effectively" only nine days. *Id.* at ¶¶ 6–7. He further explains that there was an "inordinate amount of case activity" during his vacation which required his attention upon return, on top of the "usual accumulation of emails and work." *Id.* at ¶ 8. Kuller adds that, the following day (January 3, 2024), a motion to dismiss in a separate action was filed with a response deadline of January 17, 2024, further adding to his plate. *Id.* at ¶ 9. He states that while "[n]one of the aforementioned pleadings or filing deadlines would ordinarily pose an issue," he was already "fully committed" to draft a "critical" appeal brief in another case with a January 24, 2024 deadline. *Id.* at ¶ 10.

Kuller then explains that he enlisted the assistance of an associate to draft the response in the instant case, but that he "underestimated the number of hours required to complete and finalize well-supported versions of both [the instant response and the response in another case]." *Id.* at ¶¶ 11, 14. As a result, he states that, while he was able to timely finalize and file the response in his other case, he realized at approximately 10:00 p.m. on January 11 that additional time would be required for the instant response. *Id.* at ¶ 14. At approximately 8:00 a.m. the next morning, Kuller emailed opposing counsel to say he would be filing the response and a Rule 6(b)(1)(B) request for extension later that day and asked whether counsel would agree to a one-day extension so he could thus represent to the court. Exhibit A, ECF No. 12-1 at 8. Opposing counsel agreed to the one-day extension approximately two hours later (around 10:00 a.m.). *Id.* at 7. Kuller then represents that, later that day, at approximately 12:30 p.m., he suffered an "accidental fall near the curb of his residence" which "caused pain and injury to [his] back and neck[,]" rendering him "unable to sit and work (especially type) at his desk until the afternoon

of Sunday, January 14, 2024, and even then, only in limited intervals of time." ECF No. 12-1 at ¶¶ 16–17. He states that, because of the injury, he was unable to finalize and file the response until approximately 9:00 a.m. on Tuesday morning, January the 16th. *Id.* at ¶ 17.

III.     Analysis

A "'busy practice' and preparation of other cases does not establish excusable neglect[.]" *Davis v. Johnson*, 2007 WL 1834846, at *2 (E.D. Cal. June 26, 2007); *see also Gardner v. Toyota Motor Corp.*, 2010 WL 11451542, at *2 (W.D. Wash. Feb. 9, 2010) ("While it may be true that [plaintiff's] counsel has a very busy solo practice and that preparing materials required more time than he allotted, those reasons do not constitute excusable neglect."). Indeed, while Kuller's other cases' concurrent deadlines may have constituted sufficient grounds for this court to grant an extension in response to a *timely-*filed extension request, counsel cannot cite his busy schedule after the fact as good cause for the court to overlook his missed deadline in the first place. Counsel has a responsibility to adhere to this court's deadlines and to timely communicate and seek leave if such adherence is not feasible. In fact, by Kuller's own admissions, it appears that he should have been aware that additional time for his response may have been necessary as early as January 3. Yet, instead of requesting an extension, Kuller gambled with his deadline—and lost. This is not excusable neglect. This is a foreseeable miscalculation.

Regarding what followed, the court understands that galvanizing a new motion (in this case, a Rule 6(b)(1)(B) motion) at 10 p.m. the night of a deadline is not always practical nor particularly humane. The court further understands that counsel's unexpected back injury may have prevented him from finishing and filing both the response and the Rule 6(b)(1)(B) motion the next day, on January 12, as intended, and as represented to opposing counsel.[1]

---

[1] Indeed, ill health is a legitimate and common reason for excusable neglect. *See, e.g., Lemoge v. United States*, 587 F.3d 1188, 1197 (9th Cir. 2009) (finding that counsel's injured leg and resulting staph infection, requiring multiple surgeries, was a legitimate reason for finding excusable neglect.). Though the court notes that Kuller provides no explanation for why his injury would have prevented him from calling someone from his firm to either notify the court or opposing counsel of the need for additional time following his injury.

3

While the court is not moved by counsel's reason for missing the original deadline,[2] the court recognizes that Rule 6 must be "liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258–59 (9th Cir. 2010). At bottom, the excusable neglect inquiry is "an equitable one", *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993), and importantly, here, Levi does not argue that granting the extension will prejudice it in any way. *See* ECF No. 26. Thus, because I find no bad faith here and no particular risk of prejudice,[3] I grant the FRCP 6(b)(1)(B) request for an extension of time to ensure that the motion to dismiss is resolved on its merits. Counsel is warned, however, that any future failures to adhere to deadlines or to timely request relief if such adherence is not practicable, may result in sanctions.

## IV. Conclusion

IT IS THEREFORE ORDERED that plaintiff's motion for extension of time **[ECF No. 12] is GRANTED**.

Dated: February 7, 2024

_____
Cristina D. Silva
United States District Judge

---

[2] Which the court classifies as the "busy schedule" excuse, rather than the subsequent injury excuse—by which the court is moved.

[3] *Cf. Ahanchian*, 624 F.3d at 1262 (three-day delay did not justify denying relief).